IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

```
JEFFERY ANDRA DAVIS,              :
                                  :
        Plaintiff                 :
                                  :
VS.                               :
                                  :
JEAN H. ROGERS, Clerk,            :       NO. 1:06-cv-100 (WLS)
                                  :
        Defendant                 :
```

## ORDER

Plaintiff **JEFFERY ANDRA DAVIS**, an inmate at Rivers State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

### *I. MOTION TO PROCEED IN FORMA PAUPERIS*

Plaintiff also seeks leave to proceed without prepayment of the $350 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10, until the $350 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## III. BACKGROUND

According to plaintiff's complaint, on May 8, 2006, plaintiff requested, via Georgia's

Open Records Act, that defendant Jean H. Rogers, Clerk of Court, Superior Court of Crisp County, provide plaintiff with copies of all documents and records relating to his 2005 criminal conviction in Crisp County. Rogers responded to plaintiff's request by stating that the fee for obtaining copies is $.25 per page and that, as the record in plaintiff's case consists of 89 pages, he could expect to pay $22.50 for the copies. Plaintiff apparently then filed a motion seeking free copies of the records in his criminal case, which Judge John C. Pridgen (not named as a defendant) denied on May 25, 2006.

Plaintiff alleges that he needs these documents to help him pursue a collateral attack on his conviction and believes that his indigent status relieves him from the responsibility of paying for the copies. Plaintiff files the instant lawsuit asking this Court to compel Rogers to provide plaintiff with free copies of all court records regarding his criminal case.

## IV. DISCUSSION

A prisoner has a right to receive a transcript of his criminal proceedings or some appropriate equivalent to the extent necessary to prepare an appeal of his conviction. ***Draper v. Washington***, 372 U.S. 487, 497 (1963); ***Eskridge v. Washington State Bd. of Prison Terms & Paroles***, 357 U.S. 214, 216 (1958); ***Griffin v. Illinois***, 351 U.S. 12, 19-20 (1956). He does not, however, have a right to obtain free copies of court records to search for possible defects in an attempt to formulate a basis to collaterally attack his conviction. ***Ruark v. Gunter***, 958 F.2d 318, 319 (10th Cir.1992); ***Walker v. United States***, 424 F.2d 278, 279 (5th Cir. 1970).

In the present case, plaintiff has failed to identify any particular reasons why he needs copies the records in issue to collaterally attack his conviction. In fact, plaintiff's allegations are too conclusory for this Court to discern a violation of federal law. Georgia courts have spoken

on this issue and require some showing of need for access to records beyond a fishing expedition for possible violations. "There must be some justification or showing of necessity beyond a mere naked demand for a transcript. While there is a basic right to a free transcript to perfect a timely direct appeal, there is no absolute right to a free transcript just so the prisoner may have it, and some justification for use in a habeas corpus or related proceeding must be shown in order to be entitled to such records in a collateral attack on the sentence." ***Mydell v. Clerk, Superior Court of Chatham Co.***, 241 Ga. 24, 243 S.E.2d 72 (1978). The same rule applies to a request for arrest and trial records. ***Id.*** Plaintiff has offered no reason for seeking the records. Absent such an allegation of specific need, plaintiff's complaint fails to state a valid claim.

## *V. CONCLUSION*

In light of the foregoing, the instant action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this __20th__ day of July, 2006.

_____
W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT